JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| ERIC LEON CHRISTIAN, | Nos. CV 2:24-10844-SVW |
| --- | --- |
| Petitioner, | CR 99-1120-SVW |
| v. | ORDER DISMISSING ACTION AND DECLARING ERIC LEON CHRISTIAN A VEXATIOUS LITIGANT |
| BARRON, | |
| Respondent. | |

Having considered the petition filed by Eric Leon Christian (hereinafter "Christian"), as docket number ("Dkt.") 01, in Eric Leon Christian v. Barron, case number CV 2:24-10844-SVW, (the "Petition"), the government's opposition and motion to declare Christian a vexatious litigant, Christian's response, the files and records in this case, and in Christian's underlying criminal case, United States v. Eric Leon Christian, 99-1120-SVW, the Court makes the following findings and rulings:

<u>Dismissal of Petition for Habeas Corpus in CV 2:24-10844-SVW</u>

The Petition is in fact a motion to attack defendant's conviction under 28 U.S.C. § 2255. It is DISMISSED for the reasons

set forth in the government's opposition.  To the extent applicable, no certificate of appealability shall issue as there has been no substantial showing of the denial of a constitutional right.

### Declaration of Christian as Vexatious Litigant

Christian has over several years continued to file numerous frivolous and repetitive filings in this district with no objective good faith expectation of prevailing on any claim, and/or which have violated court rules and procedures despite ample warning and opportunity to correct these errors.

In Christian's underlying criminal case, United States v. Eric Leon Christian, 99-1120-SVW, these include:  Two baseless motions in November 2021 seeking to dismiss the indictment and withdraw a guilty plea over twenty years after conviction, barred procedurally on multiple grounds and lacking merit.  (Dkt. 96, 98).  A misleading and unintelligible motion in January 2022 falsely seeking to seize $2.2 billion based on defendant's misrepresentation of a case in the District of Nevada.  (Dkt. 107).  Nine different filings in February 2022, each largely unintelligible and failing to present any valid claim.  (Dkt. 111-115, 117-120).  Three additional letters in February and March 2022 repeating baseless claims and arguments.  (Dkt. 124-27).  An improper and meritless notice of appeal in November 2022.  (Dkt. 132).  Six patently frivolous motions attacking Christian's conviction and seeking monetary judgments in early 2023.  (Dkt. 136, 141, 143, 145, 148, 152).  Four additional frivolous motions in mid-2023 falsely seeking monetary judgments.  (Dkt. 152, 155-56, 158).  Twelve repetitive and frivolous motions in 2024 again attacking Christian's conviction or seeking monetary judgments, all struck for violations of court rules.  (Dkt. 165, 169, 172, 175, 179,

179-82, 184, 187-89, 192). Christian's September 21, 2024, response to the Court's order to show cause why Christian should not be sanctioned for filing frivolous motions, which repeated baseless and false claims and arguments. (Dkt. 221). Two Ninth Circuit appeals from orders of this Court that were dismissed by the Ninth Circuit for Christian's failure to answer an order to show cause and failure to prosecute, and a third appeal voluntarily dismissed by defendant. (Dkt. 140, 168).

In Christian's underlying recent civil case, Eric Leon Christian v. Barron, case number CV 2:24-10844-SVW, these include: The Petition. (Dkt. 1). Eight motions filed in 2024, attacking Christian's conviction or seeking money, that were all incomprehensible and without merit. (Dkt. 5-7, 11-15). An improper motion for leave to appeal to the Ninth Circuit in forma pauperis where no final judgment had yet been entered. (Dkt. 18). Three filings in January and February 2025, making frivolous, repetitive claims and seeking money, each noticed by the Clerk for failure to follow Court rules. (Dkt. 18, 21, 28). A frivolous writ of execution filed in violation of Court rules on February 4, 2025. (Dkt. 30). Two motions in February 2025 seeking a demand for monetary judgment and reconsideration of a scheduling order by the Court that were largely incoherent and utterly failed to state grounds for reconsideration. (Dkt. 38, 41). An objection filed on February 28, 2025. (Dkt. 45).

Based on the forgoing record, the additional information provided by the government about Christian's emails and history of litigation in the District of Nevada, and the record as a whole, the COURT FINDS THAT:

3

1.    Christian is a vexatious litigant.

2.    Christian has engaged in a long history of vexatious, harassing, and duplicative filings in this District.

3.    Christian did not have an objective good faith expectation of prevailing on claims in his filings, including the Petition and the other filings set forth above.

4.    Christian through his filings has caused needless expense and unnecessary burden on the government and on the Court and its personnel.

5.    Alternative sanctions, other than the ones imposed by this Order, would not be adequate to protect the courts and other parties.

### Conclusions and Rulings

1.    The Petition in <u>Eric Leon Christian v. Barron</u>, CV 2:24-10844-SVW, is DISMISSED with prejudice. No certificate of appealability shall issue as there has been no substantial showing of the denial of a constitutional right. Docket Number 45 in that case is denied and overruled as without merit.

2.    The Court DECLARES Eric Leon Christian, also known as Cravenart ("Christian"), is a vexatious litigant.

3.    The Court DIRECTS the Clerk of the Court: (1) not to accept further filings from Christian without payment of all applicable court fees <u>and</u> written authorization of a District Judge or Magistrate Judge of the Court, issued upon such showing of evidence supporting the claim as the judge may require (<u>see</u> Local Rule 83-8); and (2) that any such filing received by the Clerk of the Court from Christian shall be assigned to a Judge pursuant to the Court's standard case assignment procedures, but shall not be docketed unless the assigned Judge issues an order authorizing the filing.

4. The Court ORDERS that if the Clerk mistakenly accepts a filing by Christian without written authorization, any party may file with the Clerk, and serve on defendant, a notice stating that defendant is a vexatious litigant subject to this Court's prefiling order.  See Cal. Code Civ. Proc. § 391.7(c).  The filing of the notice shall automatically stay any filing or action which shall be dismissed forthwith unless Christian within ten days of filing the notice secures an order from the Judge presiding over the action permitting the filing.

5. For the purposes of this Order, a "filing" includes and petition, application, complaint, motion, or letter, aside from a response to a complaint, petition, or application filed against Christian after the date of this Order.  This Order shall not prevent Christian from defendant against or responding to any new action filed against him in state or federal court after the date of this Order.

6. This Order shall not prevent Christian from filing an appeal of this ruling or impose any additional prefiling requirements on any such appeal that may be filed.

IT IS SO ORDERED.

 Dated: April 1, 2025

_____
HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE